IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAVON GRAND HERITAGE HOA, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | Civil Action No. 3:13-CV-2662-D |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Following a storm that caused wind and hail damage to the roof of a building owned by plaintiff Lavon Grand Heritage HOA, Inc. ("Lavon"), Lavon made a claim under its insurance policy with defendant Philadelphia Indemnity Insurance Company ("Philadelphia"). After Philadelphia covered a fraction of the damage that Lavon maintained was due under the policy, Lavon filed the instant lawsuit asserting claims against Philadelphia for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Lavon alleged that Philadelphia breached the insurance policy by failing to pay the full cost, less the applicable deductible, of replacing the entire roof on the property; it asserted that Philadelphia violated the Texas Insurance Code by engaging in unfair or deceptive acts or practices in investigating and handling Lavon's claim under the policy; and it alleged that Philadelphia breached its duty of good faith and fair dealing in investigating and handling Lavon's claim under the policy.

The case was tried to a jury. The jury returned a verdict against Lavon on its breach of contract claim, finding that Philadelphia did not fail to comply with the insurance policy. But the jury found in favor of Lavon on one of six of the grounds on which it based its claim under the Texas Insurance Code: that Philadelphia had engaged in an unfair or deceptive act or practice by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when its liability had become reasonably clear, and that Philadelphia had done so knowingly. And the jury found in favor of Lavon on one of two of the grounds on which it based its claim that Philadelphia had failed to comply with its duty of good faith and fair dealing: that Philadelphia had failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Lavon's claim when Philadelphia's liability had become reasonably clear.

The jury awarded compensatory damages in the sum of $22,000 for the replacement cost value of the damaged roof and the sum of $1,500 for the actual costs of temporary repairs to the roof. The jury also awarded the sum of $75,000 in addition to compensatory damages because Philadelphia's conduct was committed knowingly.

Based on the jury verdict, the court entered judgment in favor of Philadelphia because Lavon had failed to prove that Philadelphia breached the insurance policy. Lavon now moves the court under Fed. R. Civ. P. 59(e) to amend the judgment, and moves under Rule 50(b) for judgment as a matter of law. Lavon contends that it is entitled under Texas law to recover on its extra-contractual claims despite the jury's adverse verdict on the breach of contract claim because it is undisputed that Lavon was covered under the policy for the

damage to the roof of its building, even if Lavon did not prove that Philadelphia breached the policy.

Philadelphia responds that the court correctly entered judgment in Philadelphia's favor because, under Texas law, an insured like Lavon cannot recover on extra-contractual claims when the insured fails to assert or prove an injury that is independent of the alleged breach of the insurance policy. Philadelphia points out that the only damages that Lavon claimed, and that the jury awarded, related to the benefits Lavon had sought under the insurance policy, and that the damages could have been awarded as breach of contract damages. Philadelphia maintains that Lavon did not present any evidence, or prove, that it sustained an independent injury, and that the jury did not award any damages for an independent injury.

The court concludes that it should await deciding Lavon's motion until the Supreme Court of Texas answers a question recently certified by the Fifth Circuit and accepted by the Supreme Court of Texas, and the Fifth Circuit applies that answer to a case pending before it. In *In re Deepwater Horizon*, ___ F.3d ___, 2015 WL 7421978 (5th Cir. Nov. 19, 2015), one of the issues on appeal was whether an insured (Cameron) could recover under Chapter 541 of the Texas Insurance Code on a claim that its insurer (Liberty) had engaged in an unfair method of competition or an unfair or deceptive act or practice in the business of insurance by wrongfully denying its claim, where the insured claimed as actual damages only the policy benefits that the insurer had denied and the insured attorney's fees related to the its lawsuit against the insurer. *Id*. at *6. In the district court, the insurer (Liberty) had argued

that, under the Fifth Circuit's decision in *Great American Insurance Co. v. AFS/IBEX Financial Services, Inc.*, 612 F.3d 800 (5th Cir. 2010), to maintain a Chapter 541 claim, the insured (Cameron) was required to assert some injury other than the policy benefits and attorney's fees. *Id.* The insured (Cameron) had argued that the district court should have applied the Supreme Court of Texas' decision in *Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129 (Tex. 1988), which held that an insured who is wrongfully denied policy benefits need not show any injury independent from the denied policy benefits to recover on extra-contractual claims. Although the district court agreed with Cameron that, under Texas law, it need not assert as actual damages an injury independent from the policy benefits, the district court considered itself bound by *Great American*, and it ruled in favor of the insurer (Liberty) on the insured's (Cameron's) Chapter 541 claim. *Id.*

The Fifth Circuit did not decide the issue. Instead, it certified the following question to the Supreme Court of Texas:

> Whether, to maintain a cause of action under Chapter 541 of the Texas Insurance Code against an insurer that wrongfully withheld policy benefits, an insured must allege and prove an injury independent from the denied policy benefits?

*Id.* at *10. The Supreme Court of Texas has accepted the certified question. *In re Deepwater Horizon*, No. 15-0891 (Tex. Dec. 4, 2015).

Lavon's motion turns on whether it was required to prove an injury independent of the alleged breach of its insurance policy with Philadelphia. The answer to the question certified in *Deepwater Horizon* will resolve this question as it relates to Lavon's claim under

the Texas Insurance Code. And although *Deepwater Horizon* does not involve a claim for breach of the common law duty of good faith and fair dealing, Lavon's request for relief (a judgment for $98,500) requires that Lavon prevail on its claim under the Texas Insurance Code. Moreover, the Supreme Court of Texas' response may shed light on whether any recovery on an extra-contractual claim is available absent proof of an injury independent of the alleged breach of the insurance policy itself.

Accordingly, the court directs the clerk of court to terminate for statistical purposes Lavon's November 5, 2015 motion to amend judgment and motion for judgment as a matter of law. Within 21 days of the date the Fifth Circuit enters its mandate in *Deepwater Horizon* (which will, of course, follow the decisions of the Supreme Court of Texas answering the certified question and of the Fifth Circuit resolving the remaining part of the appeal in *Deepwater Horizon*), the parties must jointly notify this court in writing that the mandate has been entered and propose a schedule for submitting supplemental briefs. If this process results in unexpected and inordinate delay, or for other good cause, either party may move the court to reinstate Lavon's motion statistically and decide it without awaiting completion of the certified question process in *Deepwater Horizon*.

**SO ORDERED**.

December 29, 2015.

                                                   _____
                                                   SIDNEY A. FITZWATER
                                                   UNITED STATES DISTRICT JUDGE